**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Nassar El Sakka, | : | Case No. 3:05 CV 00144 |
| Petitioner, | : | |
| vs. | : | |
| Immigration and Customs Enforcement Field Office Director for the Cleveland Office for Detention and Removal, *et al.,* | : | MAGISTRATE'S REPORT AND RECOMMENDATION |
| | : | |
| Respondents. | : | |

This Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, was referred to the undersigned Magistrate for report and recommendation. Pending before this Court is Respondents' Motion to Dismiss the Petition or in the alternative, for Summary Judgment (Docket No. 11) to which Petitioner filed an Opposition (Docket No. 14) and Respondents filed a Reply (Docket No. 15) and Petitioner's Motion to Supplement the Record (Docket No. 16). For the reasons that follow, the Magistrate recommends that the Petition for Writ of Habeas Corpus be denied, that Respondents' Motion for Summary Judgment be denied and that Petitioner's Motion to Supplement the Record be granted.

**FACTUAL BACKGROUND**

Petitioner claims that he is a former resident of Gaza, British Mandated Palestine, now known as Israel (Docket No. 14, Memorandum of Law). The United States Immigration and Customs Enforcement Agency (ICE), a division of the United States Department of Homeland Security (DHS), considers Petitioner a native and citizen of either Israel or Jordan (Docket No. 1, Exhibits 7 & 10, ¶ 11d). On or about May 6, 1983, Petitioner entered the USA as a non-immigrant student (Docket No. 1, ¶ 3). In June 1986, Petitioner became a permanent resident; however, in November 1993, Petitioner's application for citizenship was denied based on his lack of good moral character (Docket No. 11, Exhibit I, ¶ 8).

Petitioner was convicted of menacing on September 12, 1997 and on April 3, 2000, he was convicted of gross sexual imposition (Docket No. 11, Exhibit 4). Petitioner paid a $250 fine on the menacing charge and was incarcerated for six months incarceration and fined $2,500 on the gross sexual imposition charge. After serving his sentence, Petitioner was released on probation (Docket No. 1, ¶s 7 & 8).

On or about February 11, 2004, Petitioner was detained by ICE officers (Docket No. 1, ¶ 10). He was subsequently transferred to a federal facility in Oakdale, Louisiana (Docket No. 11, Exhibit E). While detained at Oakdale, Petitioner allegedly failed to produce documents necessary to facilitate his removal from the United States to Israel. Petitioner was detained until October 18, 2004 in the federal facility at Oakdale (Docket No. 11, Exhibit K). In the meantime, the State of Ohio obtained the authority necessary to extradite Petitioner to Cleveland, Ohio (Docket No. 1, Exhibit 11). Petitioner was returned to Cleveland on December 15, 2004.

In the meantime Petitioner was afforded a hearing before Immigration Judge John Duck. On May 21, 2004, Judge Duck ordered Petitioner deported to Israel (Docket No. 1, Exhibit 7). Petitioner did not appeal this order. On May 25, 2004 a form preparing Petitioner for travel was prepared (Docket No. 11, Exhibit 16). ICE proceeded to obtain the documentation required to remove Petitioner from the United States (Docket No. 11,

2

Exhibit F). Unable to obtain the written documentation required for deportation, a written warning for failure to depart was issued to Petitioner on January 31, 2005 (Docket No. 11, Exhibit 17).

Petitioner filed a Writ of Habeas Corpus alleging that detention from February 11, 2004 through January 2005 exceeded the permissible period of detention. Accordingly, Petitioner claims that Respondents violated his Fifth Amendment right. Respondents claim that the Writ should be dismissed since Petitioner failed to state a claim for which relief can be granted. In the alternative, Respondents seek summary judgment.

## MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW

A motion will be treated as one for summary judgment and disposed of as provided in Rule 56 if such motion asserting the failure of the pleading to state a claim upon which relief can be granted is accompanied by matters outside the pleading presented to and not excluded by the court. *Shelby County Health Care Corporation v. Southern Council of Industry Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th 2000). All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. FED. R. CIV. P. 12(b); *Id.* (*citing Employers Insurance of Wausau v. Petroleum Specialties,* 69 F.3d 98, 105 (6th Cir. 1995)). The decision to convert the motion to dismiss and consider matters outside the pleading is within the discretion of the trial court. *Id*.

Petitioner and Respondents submitted substantial extrinsic material to the district court to supplement their arguments. The parties comprehensively addressed the Respondents' request for dismissal and each had sufficient notice that the Court could consider the outside material when ruling on the issues presented; consequently, the pleadings in this case are converted to a Motion for Summary Judgment under FED. R. CIV. P. 56(b).

Summary judgment under FED. R. CIV. P. 56 is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there is no genuine issue of material fact

3

and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)). The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett*, 106 S. Ct. 2548, 2552-2553 (1986). In the face of defendant's properly supported motion for summary judgment, plaintiff cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Incorporated*, 106 S. Ct. 2505, 2510 (1986) (*citing First National Bank of Arizona v. Cities Services Co.*, 88 S. Ct. 1575, 1593 (1968)). The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff. *Anderson*, 106 S. Ct. at 2512.

A motion for summary judgment is successfully opposed if the opponent shows that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corporation*, 106 S. Ct. 1348, 1355 (1986). In determining if the facts are material, the court must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Id*. at 2510 (*citing Addickes v. S.H. Kress & Co.*, 90 S. Ct. 1598, 1609-1610 (1970)). The Court must refrain from resolving conflicts in the evidence or making credibility determinations. *Id*. If, after deciding, the dispute about a material fact is genuine, summary judgment should be denied.

## **DISCUSSION**

Respondents seek dismissal of Petitioner's Petition for a Writ on the basis that the Petitioner failed to cooperate in the preparation of his application for travel. Consequently, detention was required pending continued preparation for removal. The length of such detention, according to Respondents, is within the government's

discretion. Accordingly, such continued detention does not violate the Respondents' right to due process.

Before addressing the merits of Respondents' claims, the Magistrate must determine the permitted scope of review of Petitioner's substantive and procedural rights guaranteed under the Fifth Amendment. Respondents contend that pursuant to *Carlson v. Landon,* 72 S. Ct. 525, 534 (1952) the Court's review is limited in scope to a determination as to whether the appeal board's decision rationally advanced some legitimate purpose for detention. In other words, once the administrative court rendered a facially legitimate and bona fide reason for Petitioner's continued detention, the Court was barred from looking behind the exercise of legitimate discretion or testing the law by considering Petitioner's constitutional challenge.

This Court is cognizant of the *Carlson* standard of review and the plenary power of Congress over the entry and termination rights of aliens. However, the underlying issue presented to this Court is the Petitioner's denial of an opportunity to determine the appropriateness of his continued detention. If the *Carlson* standard of review is employed, Respondents' decision to remove Petitioner is essentially denied without review. The Magistrate is not persuaded that Congress intended that such restriction infringe upon the constitutional rights of aliens in immigration cases. Thus, the Magistrate will address the merits of Petitioner's Petition for a Writ of Habeas Corpus under 28 U. S. C. § 2241.

In this case, the order of removal became final on June 21, 2004. Clearly, Petitioner had been detained past that date. Respondents claim that continued detention is warranted as Petitioner has continued to inhibit their removal efforts.

To obtain a writ of habeas corpus under 28 U. S. C. § 2241, a petitioner must show that he or she is being held in custody in violation of the constitution or laws or treaties of the United States. 28 U. S. C. §

2241(c)(3) (2005). Once an alien is ordered removed, Immigration and Naturalization Services (INS)[1] has a 90-day period within which to actually effectuate removal.  8 U. S. C. § 1231(a)(1) (A) (2005).  During this initial 90-day period, detention is mandatory and the INS has no discretion to release the alien.  8 U. S. C. § 1231(a)(2) (2005).  Upon the expiration of the 90-day period, INS may release the petitioner under continued supervision pursuant to Section 1231(a) (3).  The petitioner may, however, be held for continued detention pursuant to Section 1231(a) (6).

INS may not, however, detain the petitioner indefinitely.  *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001). Six months after the issuance of the final order is deemed presumptively reasonable. *Id.*  After the six-month period has expired, if an alien provides a good reason to believe that there is no significant likelihood that he or she will be removed within the foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*  An alien may be held in confinement until it can be determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*  Thus, if the government cannot show the significant likelihood that the alien will actually be removed from the country within the reasonably foreseeable future, there is no longer any statutory authority to hold the alien in custody. *Id.*

Petitioner has been detained longer than the six-month period deemed reasonable by the Supreme Court. Consequently, Petitioner must present a good reason to believe that there is no significant likelihood that he will be removed within the foreseeable future.

Respondents claim that Petitioner has been detained longer than six months because he (1) failed to

---

[1] INS is now the Department of Homeland Security "DHS".  *Garcia-Echaverria v. United States*, 376 F.3d 507, 509 (6th Cir. 2004).

cooperate and produce documents would assist in his removal, (2) purposely withheld his Israeli identification card, (3) refused to contact his mother, family or friends in Gaza, (4) failed to provide the government with their current addresses, (5) failed to produce his original birth certificate[2] and (6) failed to produce evidence that he has made a good faith attempt to obtain requested information. Accordingly, it was permissible to delay Petitioner's removal beyond the 90-day period.

Petitioner initially claimed in an unsworn affidavit[3] that he has cooperated with the government and exhausted all available methods of obtaining the documents required to facilitate his removal. Specifically, he allegedly provided his alien registration number, sent a copy of his birth certificate to INS, wrote to the Israeli Consulate and Embassy and provided his fingerprints and photographs in an attempt to obtain travel documents to the Palestinian Authority Office. Petitioner supplemented the court record with a copy of his birth certificate.

The Magistrate finds that Petitioner has presented significant probative evidence tending to show that he complied with the request for the production of his birth certificate and identification number. There is, however, a genuine issue of material fact as to whether he cooperated by contacting his family or otherwise withheld information or failed to make a good faith attempt to obtain the requested information. Accordingly, Respondents'

---

[2] During the pendency of this case, Petitioner's relatives residing in a foreign country provided his birth certificate. Petitioner filed a Motion to Supplement the Record the record (Docket No. 16). Upon motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. FED. R. CIV. P. 15(d). The Magistrate recommends that the request to supplement the record with Petitioner's birth certificate be granted.

[3] The unsworn affidavit was technically deficient and could not be considered by the court in determining the merit of a motion for summary judgment. *See Bonds v. Cox,* 20 F. 3d 697, 702 (6th Cir. 1994). However, Petitioner supplemented the original with a notarized affidavit (Docket No. 16, Exhibit 1).

Motion for Summary Judgment must be denied.

The Magistrate recommends that Respondents' Motion for Summary Judgment be denied (Docket No. 11), that Petitioner's Motion to Supplement the Record be granted (Docket No. 16) and that this matter be scheduled for a telephonic status conference on **Tuesday, June 7, 2005, at 9:00 a.m.**.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

Notice

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation.  A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.